Rodney G. Snow (Bar No. 3028)
Jennifer A. James (Bar No. 3914)
CLYDE SNOW & SESSIONS
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2516
Telephone: 801.322.2516
Facsimile: 801.521.6280
rgs@lcydesnow.com

*Attorneys for Defendant Eric A. Richardson*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ERIC A. RICHARDSON, <br><br> Defendant. | DEFENDANT'S POSITION REGARDING SENTENCING FACTORS <br><br> Case No. 2:12-cr-354 <br><br> Judge David Nuffer |

**INTRODUCTION**

Defendant Richardson, through counsel, has discussed some minor factual corrections with Mr. Manross which are not likely in dispute. Those factors will be briefly addressed below. In addition, Mr. Richardson is not in agreement with the amount of restitution currently suggested in the Presentence Report and that issue will be addressed in more detail below. There is some reference in the report to Mr. Richardson's public duties. It should be emphasized this was not a public corruption case. Outside audits and a District Attorney investigation at Cedar Hills failed to turn up any evidence of wrongdoing with respect to Mr. Richardson's (note ¶ 54 of

the Presentence Report) responsibilities as an elected official at Cedar Hills. To our knowledge, the United States has never contended otherwise.

**A.  Factual Corrections.**

1.  Paragraph 7 of the Presentence Report (hereafter "paragraph ____"): At the time Mr. Richardson met G.H. he was a city councilman, but not the mayor of Cedar Hills. Documents regarding the CD transaction were prepared and/or reviewed by counsel for G.H. – Ray, Quinney & Nebeker ("RQN"). Present were participants in the transaction, Roy Nelson and Charles Anderson.

2.  Paragraph 10: Commercial Escrow Services was to hold the $300,000 of G.H. funds until the rentable CD was provided *to Bentley Equities*. Richardson told G.H. the $10,000 was for *banking fees*, not legal fees.

3.  Paragraph 13: The bank that was to issue the CD was Chase Manhattan Bank, not the JP Morgan Chase Bank. The CUSIP number was obtained from Mitch Holland, one of the other participants of the transaction.

4.  Paragraph 14: Again, the Chase Manhattan Bank, as opposed to JP Morgan Chase Bank.

5.  Paragraph 17: The loan proceeds for the purchase of the vehicles were received by Watts Automotive, not Eric Richardson. Although Chris Hales was using one of the three cars, Mr. Richardson was not aware at the time that Hales was a restricted driver.

6.  Paragraph 19: Richardson recalls that his representations were that he was not *currently* a licensed broker. It is recognized that might have been misunderstood.

7. Paragraph 20: Mr. Richardson did not personally overstate the income on the loan applications. That was added by someone else at a later date. Although, Mr. Richardson was not aware of the amount that would be added, he assumed the income would be inflated.

**B.    Loss and Restitution Issues.**

1. Car loans:

    a. The titles to the cars were held as collateral and the financing agency could have picked the cars up at any time; and

    b. While Mr. Richardson struggled to keep current with the loans, the loans have now been paid off and there is no loss.

    c. Since the automobiles were collateralized and the loans have been repaid in full, there is no loss to be claimed pursuant to the sentencing guidelines. This is supported by case law and the guidelines, and will not likely be disputed.

2. With respect to restitution on the G.H. transaction, the Plea Agreement provides, at paragraph 12.A.(2) ". . . G.H.'s fee in the amount of $330,000 for the use of a $25 million CD, *which restitution is to be joint and several with co-schemers*" or participants. (Emphasis ours.)

The Court has discretion under 18 U.S.C. § 3664(h) to use its judgment as to how to allocate the restitution for the loss regarding the certificate of deposit. Certainly, one criteria to use is how much money each individual "co-schemer" received. In the case of Eric Richardson, he believes he received approximately $10,000 or $11,000. That amount may be in dispute. However, the vast majority of the money was received by the other co-schemers, as the Government's discovery and the Presentence Report demonstrate. For example, participants Charles Anderson, a colleague of Mr. Hansen, and Roy Nelson split $25,000 of this money. The

other participants also received substantial funds.  Mitch Holland of Vital Funds received $25,000.  Tameka Shell, the broker for the transaction, kept $75,000.  Gemnya Arroyo of Unistate S&L in New Zealand, who was going to issue the CD, kept $175,000.  There were also others involved in this scheme.

As previously noted, G.H. had competent counsel at RQN reviewing the transaction before G.H. wired the money purportedly necessary to rent the CD.  It may be that the Government will prosecute other individuals involved in this situation, and Mr. Richardson has offered his full cooperation to the Government in that respect.

## CONCLUSION

For the foregoing reasons, Mr. Richardson respectfully requests that the loss amount be reduced by the total amount of the car loans, $137,000.90.  Moreover, it is respectfully submitted this Court use its judgment to limit his restitution obligations regarding the G.H. transaction to an amount that is both consistent with the amount he received, his culpability, and the sophistication of G.H.  It would be incongruous for Mr. Richardson to be required to repay the entire $330,000, when the amount he received was less than ten percent of the total amount.  Others will ultimately be held responsible.

Respectfully submitted this 30th day of October 2012.

                                            CLYDE SNOW & SESSIONS

                                            /s/Rodney G. Snow
                                            RODNEY G. SNOW
                                            JENNIFER A. JAMES
                                            Attorneys for Defendant Eric A. Richardson

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October 2012, I caused a true and correct copy of the foregoing Objection of Defendant Eric Richardson to Presentence Report to be served by uploading it to the Court's CM/ECF system. Service will be made on the following recipients, as indicated:

Stewart M. Young
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, Utah 84111
**CM/ECF NOTIFICATION**

Glen Manross
U.S. Probation Officer
350 South Main Street, Room 160
Salt Lake City, Utah 84101
**BY EMAIL**

                                                                            s/Rodney G. Snow