Rodney G. Snow (Bar No. 3028)
Jennifer A. James (Bar No. 3914)
CLYDE SNOW & SESSIONS
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2516
Telephone: 801.322.2516
Facsimile: 801.521.6280
rgs@lcydesnow.com

*Attorneys for Defendant Eric A. Richardson*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC A. RICHARDSON,<br><br>Defendant. | MEMORANDUM IN AID OF SENTENCING<br><br>Case No. 2:12-cr-354<br><br>Judge David Nuffer |

**INTRODUCTION**

Eric Richardson, by and through his counsel of record hereby submits this Memorandum in Aid of Sentencing and with respect to sentencing issues. Sentencing is currently set for Tuesday, November 13, 2012 at 3:00 p.m.

As the Court is aware, this is F.R Cr. Pro. 11(c)(1)(C) Plea Agreement. Some rather significant changes have occurred since the Plea Agreement was executed and Mr. Richardson entered his plea, and counsel for Mr. Richardson desires to bring these critical matters to the attention of the Court.

First, the GH restitution amount (a part of the criminal plea) could be adjusted pursuant to 18 U.S.C. §3664(h) to allocate the amount of restitution based on the actual amount Mr. Richardson received, which was approximately $10,000. Other participants received the bulk of the money. Our understanding, from speaking with Mr. Stewart Young of the United States Attorney's Office, is that he is either in agreement with this allocation or does not oppose it. Additional prosecutions will likely occur with respect to the GH matter and it is anticipated Mr. Richardson will be a cooperating witness. If this adjustment is made, then Mr. Richardson moves to a zone B.

To be clear, Mr. Richardson is wholly prepared to live up to his agreement with the United States Attorney's Office and serve his year and a day, as may be required by the Court. He has accepted responsibility for his actions and acknowledged his reckless conduct resulting in violations of the Federal Criminal Code.

However, the Plea Agreement does not specify how the year and a day shall be served. The Court has the authority to depart downward, if that were necessary, pursuant to 18 U.S.C. §3553(a)(1) and (2). It is respectfully submitted the nature and circumstances of this offense and the history and characteristics of this Defendant do not compel incarceration.

As to the equity skimming charges (the car loans) while Mr. Richardson struggled to keep current on the loans, he has now paid those loans off. Moreover, the finance companies were collateralized with the car titles. Thus, there is no loss for purposes of the guidelines or restitution with respect to the charge to which Mr. Richardson entered a plea.

What has been driving the guidelines is the GH loss agreed to be in the amount of $330,000. As indicated, however, there were a number of participants in that transaction. All of

them received more money from the transaction than did Mr. Richardson. To now saddle him with the entire loss is not only inequitable, but violates the spirit and letter of 18 U.S.C. § 3664(h), referenced by the Government in the Plea Agreement. This provision specifically references the ability of the Defendant to make restitution – that is, the Court may take into consideration Mr. Richardson's economic circumstances.

Mr. Richardson spent approximately eight years working for Fidelity and had a clean record as far as securities and regulatory issues were concerned. He was an underperformer, but that occurred in 2008 and is easily understandable, if not fully explainable. He left to engage in business transactions with Christopher Hales without knowing what he was getting himself into. In that respect he, of course, exercised bad judgment, which has landed him before this Honorable Court. Mr. Hales is serving a nine- to ten-year prison sentence for a several-million dollar fraud.

It is suggested the year and a day agreement, either by way of departure or a recalculation to zone B, could be served in a number of ways. At the moment, as the Court is aware from the letters that have been submitted, Mr. Richardson is gainfully employed, well liked by his employer, and is supporting his wife and three children. Totally removing him from that environment seems to make little sense, under these circumstances. Mr. Richardson could be ordered to serve, for example, a reasonable amount of time in the county jail (say, 10 to 30 days), with the remainder of his sentence making up the year and a day to be served *as home confinement*. That is actually a considerable amount of time to be on home confinement. The benefit is that Mr. Richardson remains with his family, remains employed, is productive and, of course, would be on supervised release. Any violation of his conditions of release and

subsequent probation could, of course, result in his reappearance before this Court. We do not anticipate that will ever happen. Mr. Richardson has already learned a valuable lesson, having gone through this horrific experience.

While this case started out as a public corruption case, there was no evidence relating to public corruption. Mr. Richardson had been a city councilman and later a mayor of Cedar Hills. The United States agrees this is not a public corruption case. However, the three federal agents spent considerable time trying to find public corruption. They failed to do so. They became invested in the case. The pressured the United States Attorney to file some charges. That is understandable. Incarceration, however, is an entirely different matter. That's why we have United States District Court Judges in place to make these kinds of decisions that have potentially life-long impacts on the individuals and their families. A short term of incarceration with home confinement would be more than sufficient deterrents both to Mr. Richardson and others. It will allow Mr. Richardson to support his family, to be a father to his children and a productive member of society, all while he is under the close supervision of the Court.

We thank the Court for its consideration of the suggested approaches.

Respectfully submitted this 9th day of November 2012.

        CLYDE SNOW & SESSIONS

        /s/Rodney G. Snow
        RODNEY G. SNOW
        JENNIFER A. JAMES
        Attorneys for Defendant Eric A. Richardson

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November 2012, I caused a true and correct copy of the foregoing Memorandum in Aid of Sentencing to be served on the following by uploading it to the Court's CM/ECF system or emailing:

Stewart M. Young
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, Utah 84111
**CM/ECF NOTIFICATION**

Glen Manross
U.S. Probation Officer
350 South Main Street, Room 160
Salt Lake City, Utah 84101
**BY EMAIL**

                                                s/Rodney G. Snow