

U.S. Department of Justice

**JOHN W. HUBER**
United States Attorney
District of Utah

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
MAY 17 2016
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

---

*Stewart M. Young*
*Assistant United States Attorney*
*Direct: (801) 325-3213*

*Office of the United States Attorney*
*185 South State Street, #300*
*Salt Lake City, Utah 84111-1506*

*(801) 524-5682*
*(800) 949-9451*
*Fax: (801) 325-3247*

May 13, 2016

The Honorable Judge David Nuffer
351 South West Temple, Room 10.100
Salt Lake City, UT 84101

### RE: Eric Richardson Petition for Early Termination of Supervised Release

Dear Judge Nuffer:

The United States is in receipt of Mr. Eric Richardson's Letter, dated May 4, 2016, regarding his Petition for Early Termination of Supervised Release in Case No. 2:12-CR-354 DN. Mr. Richardson outlines a number of factors that weigh in favor of early termination, including his completion of requirements for a Bachelor's Degree, his professional development, and a total of $30,533 in restitution paid.

Clearly, Mr. Richardson has been compliant per the Court's and U.S. Probation's requirements during his supervision period. I am not aware of any violations or problems for Mr. Richardson during his supervision period.

Of note, Mr. Richardson has indicated that he believes his obligation for restitution is essentially fulfilled based on the money that he received from his participation in the crime, and asks that his "efforts [be deemed] sufficient to allow [his] supervision to be terminated early." *Letter*, p. 2. As to that precise issue, it is important to note that, according to Mr. Richardson's Plea Agreement, the initial amount of restitution was determined and stipulated as "G.H.'s fee in the amount of $330,000, . . . which restitution is to be joint and several with co-schemers." *Plea Agreement*, Docket No. 13, at p.5. During sentencing, the Court determined that Mr. Richardson's role in the scheme did not require a $330,000 amount of restitution to be joint and several, but that it would be $110,000 instead. Accordingly, Mr. Richardson's restitution amount was, in the first instance, reduced by this Court at his sentencing, and any further reduction in that amount by terminating Mr. Richardson's supervised release early would not be in line with the provisions of 18 U.S.C. §§ 3663(A)(a)(1), (c)(1)(A)(ii), and 3664.

The United States takes no position on Mr. Richardson's petition, except to note to the Court that he has not yet fully complied with his restitution obligation that had already been reduced by the Court at sentencing.

If you have any questions or concerns related to this letter, please feel free to contact me at any time.

Sincerely,

JOHN W. HUBER
United States Attorney

Stewart M. Young
Assistant United States Attorney

CC:
Eric Richardson
4275 W Sandalwood Drive
Cedar Hills, UT 84062